# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROY HUNTER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>TOTAL LIFE CHANGES LLC and "JOHN DOES 1-5", fictitious name used to identify presently unknown entities,<br><br>　　　　　　　　　　　Defendants. | Case No.: _____<br>(Removed from Supreme Court of the State of New York, County of Richmond Case No. 150842/2021)<br><br>NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Total Life Changes, LLC ("TLC"), through the undersigned counsel, hereby removes this civil action from the Supreme Court of the State of New York, County of Richmond, pending as Case No. 150842/2021 (the "State Court Action"), to the United States District Court for the Eastern District of New York, on the grounds that this Court has original jurisdiction over this action because the Complaint filed in the State Court Action by plaintiff Roy Hunter ("Plaintiff" or "Hunter"), seeks relief in excess of $75,000, exclusive of interests and costs, and the Plaintiff and TLC are citizens of different states. By removing this case, TLC does not waive, but expressly reserves, any and all defenses available to it.

## I.　INTRODUCTION

1.　Plaintiff commenced the State Court Action on April 26, 2021 by the filing of the Complaint bearing the caption Roy Hunter v. Total Life Changes, LLC and "John Does 1-5," fictitious names used to identify presently unknown entities. The Complaint was filed in the Supreme Court of the State of New York, County of Richmond, and assigned the case number of

1

150842/2021.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, summons, and all process, pleadings, and orders served upon TLC are appended to this Notice of Removal as **Exhibit A**.

2. Plaintiff alleges that he was formerly employed as an MTA bus operator and, in that position, was require to submit to random drug testing.  (Compl. ¶ 9.)  Plaintiff alleges that in an effort to lose weight, he began consuming TLC's "IASO TEA INSTANT with Broad-Spectrum Hemp Extract" (the "Product") on or about June 17, 2020.  (*Id.* ¶¶ 2, 10-13.)  Plaintiff alleges that he relied on statements on the Product packaging indicating that it contained 0.0% THC, (*Id.* ¶ 12), but that the Product caused Plaintiff to fail a random drug test administered on or about July 15, 2020. (*Id.* ¶¶ 14-16.)

3. Plaintiff alleges that as a result of this failed drug test, he was compelled to accept a demotion to a lower paying job as an MTA bus cleaner, and seeks "significant monetary and compensatory damages, including emotional distress damages," as well as punitive damages and attorneys' fees and costs.  (Compl. ¶¶ 20-22, 34, Prayer for Relief.)  Plaintiff's Complaint alleges eleven causes of action against TLC: (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) breach of implied warranty of fitness for a particular purpose; (4) unjust enrichment; (5) deceptive trade practices; (6) negligent misrepresentation; (7) negligence; (8) intentional misrepresentation; (9) false advertising (violation of GBL §§ 349, 350); (10) fraud; and (11) manufacturing defect.  (*Id.* ¶¶ 35-121.)

4. On May 5, 2021, Plaintiff filed an affidavit of service purporting to have served TLC on April 28, 2021 by delivering a copy of the summons and complaint to TLC's "Director, HR." (*See* **Ex. A**.)  This service was not proper because TLC is a foreign limited liability company and personal service was not made by delivering a copy of the summons and complaint

to any member, manager, agent authorized by appointment to receive process, or any other person designated by TLC to receive process. *See* N.Y. CPLR § 311-A.

5. On May 24, 2021, Counsel for TLC sent e-mail correspondence to Counsel for Plaintiff regarding its deficient service of the complaint and the quantum of damages sought by the Plaintiff in this action. (Declaration of Glenn T. Graham ("Graham Decl."), ¶ 4.) Counsel for TLC requested that Counsel for Plaintiff confirm in writing whether Plaintiff is seeking damages in excess of $75,000, exclusive of interests and costs. (*Id.* ¶ 5.) On May 24, 2021, Counsel for Plaintiff responded with an e-mail stating that Plaintiff is seeking damages in excess of $1,000,000. (*Id.* ¶ 6.)

## II. THE COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332(a)

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) based on the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7. As set forth below, this action meets all of the requirements of 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship Exists

8. Complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) when plaintiffs and defendants are citizens of different states.

9. Plaintiff is a citizen of the State of New York. (Compl. ¶ 4.)

10. TLC is a citizen of the State of Michigan. (Compl. ¶ 5.) *See also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

11. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded."

12. Thus, complete diversity of citizenship exists because Plaintiff is a citizen of the State of New York and TLC is a citizen of the State of Michigan.

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Interests and Costs**

13. Plaintiff's Complaint seeks several categories of damages, including compensatory, incidental, and consequential damages" as a result of TLC's alleged breach of warranty, (Compl. ¶¶ 43, 54, 63), restitution or a return of the monies he paid for the Product (*id.* ¶¶ 70, 76-77, 83, 107-08), and damages to compensate him for "significant loss of income, additional compensatory damages, and emotional distress" (*id.* ¶¶ 90, 97, 115.)

14. The Complaint, however, does not specify the amount of monetary damages sought. Rather, it simply references "an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action." (*See* Compl. ¶¶ 43, 54, 63, 70, 77, 84, 91, 98, 108, 116, 121.). This jurisdictional threshold for the lower County Court or New York City Civil Courts is $25,000 and such an allegation is insufficient to establish removability. *See, e.g. Casas v. Brewer*, No. 21-CV-00927 (BMC), 2021 WL 781744, at *1-2 (E.D.N.Y. Mar. 1, 2021).

15. Aside from Plaintiff's request for a return of the money he spent on the Product (an amount which he alleges is less than $100, Compl. ¶ 42), the Complaint does not contain information sufficient to form a belief as to the extent of Plaintiff's monetary damages. (Graham Decl., ¶ 2.) Plaintiff did not serve TLC with a monetary demand of any kind at the time the Complaint was filed, nor did he provide any details concerning his alleged loss of income or emotional distress. (*Id.* ¶ 3.)

16. On May 24, 2021, Counsel for TLC sent e-mail correspondence to Counsel for Plaintiff regarding its deficient service of the complaint and the quantum of damages sought by the Plaintiff in this action. (Graham Decl., ¶ 4.)

17. Counsel for TLC requested that Counsel for Plaintiff confirm in writing whether Plaintiff is seeking damages in excess of $75,000, exclusive of interests and costs. (*Id.* ¶ 5.)

18. On May 24, 2021, Counsel for Plaintiff responded with an e-mail stating that Plaintiff is seeking damages in excess of $1,000,000. (*Id.* ¶ 6.)

19. Accordingly, because the Plaintiff and TLC are citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interests and costs, all of the requirements of 28 U.S.C. § 1332(a) are satisfied.

### III. THE NOTICE OF REMOVAL IS TIMELY AND PROPER

20. Courts within the Second Circuit Court of Appeals apply a "bright line rule" that the 30-day "removal clock [under 28 U.S.C. 1446(b)(1) and (b)(3)] does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014).

21. In cases such as this one, where the Complaint "does not specify the amount of monetary damages sought," the time for removal does not begin to run until the Plaintiff specifies, in writing, monetary damages in excess of $75,000. *Moltner*, 624 F.3d at 38 ("Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation.").

22. Plaintiff did not serve TLC with a written statement that its damages were in excess of $75,000, exclusive of interests and costs, until May 24, 2021. (Graham Decl., ¶ 6.)

This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff's service of this communication that explicitly specifies the amount of monetary damages sought.

23.     The Notice of Removal is also filed within 30 days of Plaintiff's deficient service of the Complaint.

24.     The United States District Court for the Eastern District of New York is the federal district court for the district embracing the place where the state court action was pending, as required by 28 U.S.C. § 1441(1).

25.     A Notice of Filing Notice of Removal will be filed with the Supreme Court of the State of New York, County of Richmond, as required by 28 U.S.C. § 1446(d), and is attached hereto as **Exhibit B**.  Copies of the same have been served upon Plaintiff's counsel as verified by the attached proof of service.

### IV.     RESERVATION OF RIGHTS AND DEFENSES

26.     No admission of fact, law, liability or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions hereby are reserved. TLC does not waive, and expressly reserves, all rights, including but not limited to, the rights to challenge: (a) Plaintiff's standing, pursuant to Rule 12(b)(1); and (b) whether Plaintiff has stated a claim upon which relief may be granted, pursuant to Rule 12(b)(6).

27.     If any question arises as to the propriety of the removal of this action, TLC requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

## V. CONCLUSION

28. TLC respectfully removes this action from the Supreme Court of the State of New York, County of Richmond, to the United States District Court for the Eastern District of New York.

DATED: May 28, 2021
        New York, New York

Respectfully submitted,

KELLEY DRYE & WARREN LLP

/s/ *Glenn T. Graham*
Glenn T. Graham

Lauri A. Mazzuchetti (*pro hac vice* forthcoming)
Glenn T. Graham
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
ggraham@kelleydrye.com
lmazzuchetti@kelleydrye.com

James B. Saylor
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
jsaylor@kelleydrye.com

*Attorneys for Total Life Changes, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2021, I caused a copy of the foregoing to be served on the Plaintiff by U.S. Mail and electronic mail to Plaintiff's counsel of record.

By: /s/ *Glenn T. Graham*
Glenn T. Graham

Scott B. Richman, Esq.
Richman Law Firm PLLC
630 Third Avenue, 23rd Floor
New York, New York 10017
Tel: (646) 854-3547
Email: srichman@richman-law-firm.com

Coburn & Greenbaum, PLLC
Jonathan Greenbaum, Esq.
1710 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 470-1689
Email: jg@coburngreenbaum.com